UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 1:12-cr-20152-FAM-5**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JULIAN BREAL,

Defendant.

_______________________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

THIS CAUSE came before the Court upon Defendant Julian Breal's Motion for Sentence Reduction **(D.E. 494)**, filed on **July 24, 2024**. The Court has considered the motion, the response, and pertinent portions of the record. Being otherwise fully advised in the premises, it is

**ADJUDGED** that for the reasons below, the motion is **DENIED**.

## I. BACKGROUND

Mr. Breal's Memorandum in Support of his Motion for Sentence Reduction **(D.E. 495)** contains the following summary of his criminal conduct:

> In 2012, Breal and five others conspired to rob a drug dealer. Breal provided information about the victim, his assets, and his movements, so that the other conspirators . . . could execute the robbery. The other conspirators agreed that Breal would receive a share of the proceeds of their crime. . . . Breal's [co-conspirators] . . . abducted the victim at gun point as he was exiting a bar. They forced the victim into the back of his car and drove him to one of the conspirator's homes, where they tortured him and demanded the names of people they could call to demand ransom. Breal was not present, but after the victim provided several names, one of the conspirators called Breal . . . and asked Breal to confirm the names and telephone numbers as potential targets for ransom money. Breal confirmed the information. The conspirators then called the victim's brother, tortured the victim so that his screams over the phone could be heard and demanded ransom. About two months

> later, the police interviewed Breal. After he waived his right to counsel and right to remain silent, Breal confessed to his role in the crimes.

**(D.E. 495)**.

Mr. Breal was tried and found guilty of two counts of hostage taking in violation of 18 U.S.C. § 1203, kidnapping in violation of 18 U.S.C. § 1201, taking a motor vehicle by force and violence in violation of 18 U.S.C. § 2119, and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). This Court sentenced him to a term of imprisonment of 50 years. Mr. Breal now seeks compassionate release on the ground that his "sentence of 50 years is an extraordinary and compelling reason for a sentence reduction." **(D.E. 494)**.

## II. LEGAL STANDARD

Mr. Breal moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which was amended by the First Step Act to allow defendants to petition a court after first exhausting their administrative remedies with the Bureau of Prisons. Generally, once a term of imprisonment has been imposed, a court may not modify it. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). However, under section 3582(c)(1)(A) (titled "Modification of an imposed term of imprisonment"), a court may reduce a term of imprisonment upon finding "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute also requires a court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c). Those factors include, among other things, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal

conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). "The movant bears the burden of proving entitlement to relief under section 3582." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

The relevant policy statement issued by the United States Sentencing Commission is found in U.S.S.G. § 1B1.13(a). It provides that a court may reduce a term of imprisonment if "(1)(A) extraordinary and compelling reasons warrant the reduction;" "(2) the defendant is not a danger to the safety of any other person or to the community;" and "(3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a). Section 1B1.13 further explains what constitutes "extraordinary and compelling reasons." Notably, section 1B1.13(b)(6) provides that extraordinary and compelling reasons may include an unusually long sentence. More specifically, section 1B1.13(b)(6) states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

## III. ANALYSIS

### A. Mr. Breal's Exhaustion of All Administrative Rights to Appeal

Mr. Breal claims that he has exhausted his administrative remedies with the Bureau of Prisons in accordance with the requirements of 18 U.S.C. § 3582(c)(1)(A) because he wrote a letter to the warden of his prison seeking compassionate release, and the letter has not been answered. The letter to the warden is appended to Mr. Breal's Memorandum in Support of the Motion for

Reduced Sentence. **(D.E. 495)**. The Government concedes to this assertion. Accordingly, the Court finds that Mr. Breal has complied with section 3582's exhaustion requirement. Nonetheless, Mr. Breal's justification for seeking compassionate release is unavailing.

**B. Mr. Breal Fails to Establish an Extraordinary or Compelling Reason for Early Release**

Mr. Breal argues that his sentence of 50 years of imprisonment is in and of itself an extraordinary and compelling reason for a sentence reduction. **(D.E. 494)**. According to Mr. Breal, he received such a long sentence "due to mandatory-minimum sentence stacking provisions that no longer exist and for a trial penalty in exercising his constitutional right to jury trial." **(D.E. 495)**. Further, he "received an unusually long sentence under a statutory scheme that both Congress and the Supreme Court have found too punitive." **(D.E. 495)**. As explained by the Government in its Response to the Defendant's Motion for Sentence Reduction, this argument "appears to invoke U.S.S.G. § 1B1.13(b)(6), which applies to unusually long sentences." **(D.E. 497)**.

A defendant bears the burden of proving entitlement to relief under section 3582, *see Kannell*, 834 F. App'x at 567, and in this case, Mr. Breal fails to meet his burden of demonstrating extraordinary or compelling reasons for his early release. In order to justify relief, Section 1B1.13(b)(6) requires, at a minimum, identifying "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)." U.S.S.G. § 1B1.13(b)(6). Although Mr. Breal mentions Congress' passage of the First Step Act, his argument is unclear on whether this constituted the change in the law which replaced the "mandatory-minimum sentence stacking provisions" supposedly attributable to his sentence. **(D.E. 495)**. Section 1B1.13(b)(6) also requires establishing that the change in the law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). However, Mr. Breal's only mention of sentencing disparities relates to his sentence

in comparison to those of his co-defendants. Mr. Breal does not establish, or even argue, that the passage of the First Step Act, or any other law, produced a disparity between his sentence and the sentence he likely would have received as a result of the passage of the law. As Mr. Breal fails to make these minimal showings, he has not met his burden of demonstrating extraordinary or compelling reasons for his early release or entitlement to relief under section 3582.

### C. Early Release Is Inconsistent with the Section 3553(a) Factors

The Court finds that the section 18 U.S.C. § 3553(a) factors disfavor compassionate release. Mr. Breal's culpability in connection with the 2012 hostage-taking and kidnapping is clear, and his original sentence reflects the seriousness of his offenses. Title 18, United States Code, Section 3582(c), which authorizes a court to modify an imposed term of imprisonment, requires the court to take into consideration "the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c). None of the factors favor early release from imprisonment in this case. Notably, section 3553(a)(2)(C) requires a court to consider the need for the sentence "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).

Mr. Breal's Presentence Investigation Report reflects that he received at least 20 other criminal convictions stemming from 12 arrests throughout his adult life. Additionally, since his imprisonment for the offenses at issue in this case, Mr. Breal acknowledges the following pattern of misconduct on his part:

> April 2012: Threatening staff at Miami, Florida Detention Center, "I will fuck you up. I got a life sentence motherfucker. I will kill you."
> January 2013: Possession of a weapon.
> September 2013: Fighting with another person.
> January 2015: Assault without serious injury.
> September 2015: Fighting with another inmate.
> March 2017: Fighting in the recreation yard.
> January 2020: Possession of a weapon.
> March 2021: Fighting.
> February 2023: Fighting.

> February 2023: Threatening staff related to the above, "Take these cuffs off me. I got something for you, I'm going to kill you."

**(D.E. 495)**. Further, since Mr. Breal's filing of his request for early release from imprisonment, he has received on additional criminal conviction for assault causing serious bodily injury in violation of 18 U.S.C. § 113. **(D.E. 498)**. This history does not support the notion that Mr. Breal's early release would ensure that the public remains protected from further crimes. Accordingly, the Court finds that the section 3553(a) factors disfavor Mr. Breal's early release from his term of imprisonment.

## IV. CONCLUSION

The Court denies the Motion for Sentence Reduction because the Defendant fails to show extraordinary and compelling reasons that he should be released and because the § 3553(a) factors weigh against release.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th of November 2026.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record